IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KACEY YATES,

    Petitioner,

vs.                                                        Case No. 4:11cv578-SPM/CAS

KENNETH S. TUCKER, Secretary
of Florida Department of Corrections,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On November 8, 2011, Petitioner Kacey Yates, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner challenges convictions and sentences imposed by the Second Judicial Circuit Court, Gadsden County, on October 18, 2002, following a jury trial. *Id.* at 1-2. Respondent has filed a motion to dismiss the § 2254 petition as untimely, with exhibits. Doc. 9. Petitioner has filed a reply to that motion. Doc. 11.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). The pleadings and attachments before the Court show that the petition is

untimely and should be dismissed.  See Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

By information filed in October 2001, the State of Florida charged Petitioner with (1) manslaughter by driving under the influence, a second degree felony, and (2) driving under the influence with personal injury, a third degree felony, in connection with events that took place on August 25, 2001.  See Doc. 9 Exs. A and B at 5-6.  In October 2002, Petitioner proceeded to a jury trial in Gadsden County Circuit Court, and the jury found him guilty as charged on both counts.  See id. Ex. B at 41-42, Ex. C.  On October 18, 2002, the circuit court adjudicated Petitioner guilty and sentenced him to 16.5 years in prison on Count 1, and 5 years in prison on Count 2, with the sentences to run concurrently.  See id. Ex. B at 46-52.

Petitioner, through counsel, filed a direct appeal and also filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion, alleging the sentence on Count 1 exceeded the authorized maximum of 195.2 months.  Id. Ex. D at 68-71.  On June 3, 2003, the trial court re-sentenced Petitioner on Count 1, imposing a sentence of 195.2 months.  Id. Ex. D at 77-81.  Defense counsel then filed an initial brief on appeal, raising only one point: Whether the trial court erred in overruling Appellant's objection as to hearsay and accident report privilege regarding testimony of Trooper Broach as to the occupants of Appellant's vehicle.  Id. Ex. E at i.  The State filed an answer brief.  Id.  Ex. F.  On December 23, 2003, the First District Court of Appeal (DCA) affirmed Petitioner's

judgment and sentence without an opinion in case number 1D02-4402. *See id.* Ex. G; Yates v. State, 861 So. 2d 1160 (Fla. 1st DCA 2003) (table). Petitioner did not appeal this decision, and the mandate issued January 8, 2004. *See* Doc. 9 Ex. H.

On May 9, 2005, Petitioner filed a pro se Rule 3.850 motion for post-conviction relief and supporting memorandum in the Gadsden County Circuit Court. Doc. 9 Ex. I at 1-32. After holding an evidentiary hearing, the post-conviction trial court entered an order on November 9, 2005, denying the Rule 3.850 motion. *Id.* at 44-45; *see* Doc. 9 Ex. J (transcript of hearing). Petitioner, represented by counsel, appealed that order to the First DCA, and filed an initial brief in the case, number 1D06-769. Doc. 9 Ex. O. The First DCA issued a per curiam affirmance without opinion on May 7, 2007. *Id.* Ex. Q; Yates v. State, 957 So. 2d 1174 (Fla. 1st DCA 2007) (table). Petitioner filed a motion for rehearing and/or motion for issuance of a written opinion, which the First DCA denied by order dated June 15, 2007. Doc. 9 Exs. R and S. The mandate issued on July 3, 2007. *Id.* Ex. T; online docket for 1D06-769 at www.1dca.org.

On July 7, 2008, Petitioner filed a petition for writ of habeas corpus in the Gadsden County Circuit Court. *See* Doc. 9 Ex. CC 1-18. By order rendered August 4, 2008, that court denied the motion, explaining, among other things, that Petitioner's challenge to his conviction and sentence was not cognizable in a complaint for habeas corpus relief because such challenges have been superseded by Rule 3.850. *See id.* at 19-21. On August 8, 2008, Petitioner filed a "Motion to Alter or Amend Judgment," which the circuit court treated as a motion for rehearing and denied on August 19, 2008. *Id.* at 22-31, 32-33. Petitioner appealed to the First DCA and filed a brief, in case

number 1D08-4349.  *See id.* at 34-35 and Ex. DD; online docket for 1D08-4349 at www.1dca.org.   The State filed an answer brief and Petitioner filed a reply.  *See* Doc. 9 Exs. EE, FF.  On April 22, 2009, the First DCA issued a per curiam affirmance without opinion.  *Id.* Ex. GG; Yates v. Lane, 10 So. 3d 637 (Fla. 1st DCA 2009) (table).  Petitioner filed a motion for rehearing, which the First DCA denied by order dated .  Doc. 9 Ex. HH.  The mandate issued on June 18, 2009.  *Id.* Ex. II; online docket for 1D08-4349 at www.1dca.org.

On September 16, 2010, Petitioner filed another Rule 3.850 motion in the Gadsden County Circuit Court, alleging newly discovered evidence.  Doc. 9 Ex. U.  The State filed a response with exhibits.  *Id.* Ex. V.  By order rendered December 22, 2010, the circuit court denied Petitioner's motion.  *Id.* Ex. W.  Petitioner did not appeal.  *See* online docket for First DCA at www.1dca.org.

On October 21, 2011, Petitioner filed a third Rule 3.850 motion in the Gadsden County Circuit Court.  Doc. 9 Ex. X at 1-9.  By order rendered October 26, 2011, the circuit court denied the motion as successive and frivolous, finding "[t]he memorandum shows on its face no arguable, plausible issue of law or fact that might be addressed eight years after the conviction was affirmed on direct appeal (according to the motion itself) and six years after the order denying post-conviction relief was affirmed on appeal (again, according to the motion itself)."  *Id.* at 147.  Petitioner appealed to the First DCA and did not file a brief, in case number 1D11-6711.  *Id.* at 148; *see* online docket for 1D11-6711 at www.1dca.org.  The First DCA issued a per curiam affirmance without opinion on April 25, 2012.  Yates v. State, 86 So. 3d 1124 (Fla. 1st DCA 2012) (table).

The mandate issued May 22, 2012.  *See* online docket for 1D11-6711 at www.1dca.org.

As indicated above, Petitioner filed his § 2254 petition in this Court on November 8, 2011.  Doc. 1.  On May 31, 2012, Respondent filed a motion to dismiss the second amended petition as untimely, with attached exhibits.  Doc. 9.  Petitioner filed a reply on June 8, 2012.  Doc. 11.

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* at § 2244(d)(1)(A).  Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence.  *Id.* at § 2244(d)(1)(B)-(D).  The period is tolled for the time during which a "properly filed" application for relief is pending in state court.  *Id.* at § 2244(d)(2).[1]

---

[1] The time may also be equitably tolled in rare cases and "only if a petitioner establishes *both* extraordinary circumstances and due diligence."  Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

Case No. 4:11cv578-SPM/CAS

Respondent argues the § 2254 petition is untimely because Petitioner's conviction became final in March 2004, and Petitioner did not file anything thereafter until May 9, 2005, after the one-year AEDPA period expired. Doc. 9 at 4-5. Respondent's argument is well-taken.

Specifically, Petitioner's conviction became final on March 23, 2004, when the ninety-day period to seek review in the U.S. Supreme Court expired following the First DCA's affirmance of Petitioner's direct appeal. *See* Doc. 9 Ex. G; Yates v. State, 861 So. 2d 1160 (Fla. 1st DCA 2003); 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13. Petitioner did not file anything else until over a year later when, on May 9, 2005, Petitioner filed his first Rule 3.850 motion for post-conviction relief and supporting memorandum in the state circuit court. *See* Doc. 9 Ex. I at 1-32. By this point, however, the AEDPA one-year limitations period had expired, and the state post-conviction motion did not toll the time to file his federal habeas petition. *See, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

In reply, Petitioner argues the motion to dismiss should be denied. Doc. 11. In support of that argument, Petitioner erroneously asserts his conviction was never final and makes other unintelligible statements. *Id.* Petitioner has not made allegations sufficient to overcome the time bar to his federal habeas petition. *See id.*

## Conclusion

Because the § 2254 petition is untimely, Respondent's motion to dismiss should be granted. The § 2254 petition should be summarily dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).[2] Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis

---

[2] As dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 9) be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 1) be **SUMMARILY DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 26, 2012.

        s/ Charles A. Stampelos
        **CHARLES A. STAMPELOS**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**